**Paul HAMER and June Hamer,
Plaintiffs–Appellants,**

**v.**

**COUNTY OF LAKE, Lake County Board of Review, and its individual members, and Robert G. Jasper, Defendants–Appellees.**

**Nos. 88–1332, 88–1354.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 23, 1988.

Decided March 13, 1989.

Jack Joseph, Joseph & Myers, Chicago, Ill., for plaintiffs-appellants.

James C. Bakk, Lonchar Nordigian & Bakk, Waukegan, Ill., for defendants-appellees.

Before WOOD, Jr., and
EASTERBROOK, Circuit Judges and
GORDON, Senior District Judge.*

MYRON L. GORDON, Senior District Judge.

This appeal presents an unfortunate example of legal representation that crosses the line between persistent advocacy and misuse of the judicial process. In a misguided effort to obtain reconsideration of substantive arguments that have twice been determined to lack merit, the appellants ask this court to set aside an established doctrine known as "the law of the case." The Hamers are now making a frivolous argument in order to justify a *de novo* review of matters already found frivolous. For reasons stated herein, the decision of the district court to impose sanctions against the plaintiffs' attorneys will be affirmed and the case remanded to the district court for an award of additional fees incurred by the appellees in defending this appeal.

Ten years ago, the plaintiffs brought this suit challenging the adequacy of the Illinois property tax assessment procedures. The district court held that the suit was barred by the Tax Injunction Act as construed in *California v. Grace Brethren Church,* 457 U.S. 393, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982); *Rosewell v. LaSalle Na-*

---

* Honorable Myron L. Gordon, Senior District Judge of the Eastern District of Wisconsin, is sitting by designation.

*tional Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981); and *Fair Assessment in Real Estate Association, Inc. v. McNary,* 454 U.S. 100, 116 n. 8, 102 S.Ct. 177, 186 n. 8, 70 L.Ed.2d 271 (1981). These decisions established that in cases challenging state tax assessment procedures, the scope of review by the federal district courts is limited to an examination of the procedural adequacy of the state remedies; the district courts are precluded from review of substantive claims if the state procedures meet proper standards.

The district court held that the bulk of the plaintiffs' claims alleged violations of substantive rights and therefore dismissed the action for lack of subject matter jurisdiction. The plaintiffs then appealed, and the decision of the district court was affirmed by this court. *Coleman v. McLaren,* 631 F.Supp. 749 (N.D.Ill.1985), *aff'd,* 796 F.2d 477 (7th Cir.1986) (unpublished order).

The prevailing defendants then petitioned the district court for an award of attorneys' fees and expenses pursuant to 42 U.S.C. § 1988. The district court held that pursuit of the claims in the face of the intervening developments in the law was objectively unreasonable and therefore awarded fees and costs against both the plaintiffs and their attorneys. *Coleman v. McLaren,* 631 F.Supp. 763 (N.D.Ill.1986). The district court thus found the plaintiffs' claims to be devoid of legal merit. The district court criticized the plaintiffs' attorneys for "flat-out misreading or misapplications of controlling authority." *Id.* at 767. The attorneys were characterized as suffering from an "empty head, pure heart syndrome." *Id.* at 766.

The three decisions in *Grace Brethren Church, Rosewell,* and *McNary* have made clear that the subject matter jurisdiction of the district courts in this type of case is limited to a review of whether state tax assessment procedures are "plain, speedy and efficient." During the course of this litigation the applicability of *Grace Brethren Church, Rosewell,* and *McNary* to the issues at bar was made especially clear by a decision in another (but not wholly un-related) case; in *Hamer v. Anderson,* 594 F.Supp. 561 (N.D.Ill.1984), a case brought by the same plaintiffs, Judge Marvin Aspen determined that the Illinois tax assessment procedures, as applied in the very same counties that are the subject of the instant action, were "plain, speedy and efficient."

In the matter now at bar, Judge Shadur concluded that the *Hamer v. Anderson* ruling provided a fixed point in time to have allowed sufficient notice of the clear applicability of Supreme Court precedents to the issues at bar. On appeal, this court held, in 1987, that the bulk of the plaintiffs' claims were frivolous and therefore affirmed Judge Shadur's imposition of attorneys' fees against the plaintiffs. However, we vacated the award as it applied to the plaintiffs' attorneys because § 1988 authorizes the imposition of attorney's fees only against parties to the litigation. The case was remanded to the district court for consideration of alternative theories of liability. *Hamer v. Lake County,* 819 F.2d 1362 (7th Cir.1987). On remand Judge Shadur reimposed liability for attorneys' fees on the plaintiffs' attorneys under Rule 11, Federal Rules of Civil Procedure, and/or 28 U.S.C. § 1927. Predictably, the plaintiffs have appealed.

Thus, for the third time, the case is before this court. The plaintiffs' attorneys ask that this court engage in a *de novo* review of whether the underlying claims are frivolous; two fallacious arguments are advanced to justify their misguided request.

First, it is argued that a *de novo* standard of review is applicable to a district court's legal conclusion that conduct in a particular case constitutes a violation of Rule 11. Second, the appellants ask that the doctrine of the law of the case be set aside so as to enable consideration of the substantive claims without regard to this court's prior two rulings in this case.

This action is controlled by the doctrine of the law of the case. Judge Shadur's decision that the underlying conduct was frivolous has already been affirmed by this court. *Hamer, supra,* 819 F.2d at 1370.

Therefore, this court need not address the appellants' first argument.

As to the second argument, the appellants misconstrue the prior holding of this court as standing for the proposition that the decision by Judge Aspen in *Hamer v. Anderson,* a district court decision, was binding precedent on the appellants in their case before Judge Shadur. They reason that since district judges are not bound by decisions of other district judges, this court's holding was erroneous.

It is established that "matters decided on appeal become the law of the case to be followed ... on second appeal, in the appellate court ..." *Devines v. Maier,* 728 F.2d 876, 880 (7th Cir.1984) (quoting *Kaku Nagano v. Brownell,* 212 F.2d 262, 263 (7th Cir.1954)). The doctrine of the law of the case is:

"based on the salutary and sound public policy that litigation should come to an end. It is predicated on the premise that 'there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members;' and that it would be impossible for an appellate court 'to perform its duties satisfactorily and efficiently' and expeditiously 'if a question, once considered and decided by it were to be litigated anew in the same case upon any and every subsequent appeal' thereof."

*Devines,* 728 F.2d at 880 (quoting *White v. Murtha,* 377 F.2d 428, 431 (5th Cir.1967)).

The doctrine is subject to three limited exceptions: "[i]f the evidence in a subsequent trial is substantially different, if controlling authority has since made a contrary ruling of law, or if 'the decision was clearly erroneous and would work a manifest injustice' then the law of the case need not be followed." *Anderegg v. High Standard, Inc.,* 825 F.2d 77, 80 (5th Cir.1987) (quoting *Adams–Lundy v. Assoc. of Professional Flight Attendants,* 792 F.2d 1368, 1371–72 (5th Cir.1986)).

The appellants' argument fails because Judge Shadur appropriately held that as of the date of the *Hamer v. Anderson* decision, the applicability of key Supreme Court precedent (*Grace Brethren Church, Rosewell,* and *McNary* ) to the instant case was made unquestionably clear; this court affirmed that judgment, and at that point it became the law of this case. The error alleged by the appellants does not exist, and there is no basis for our disregarding the doctrine of the law of the case.

The judgment of the district court is affirmed, and the case is remanded in order that the district court may make an additional award of attorneys' fees to the appellees under Rule 11 for legal services required in successfully defending this appeal. In *Hays v. Sony Corp. of America,* 847 F.2d 412, 419 (7th Cir.1988), this court stated:

Rule 11 is a free-shifting statute, and a uniform body of law has grown up about such statutes entitling a party who successfully invokes the statute to obtain reasonable fees incurred in obtaining the statutory fees, plus reasonable fees in defending the award on appeal. [citations omitted] There is no reason to complicate this body of law by making an exception for Rule 11 fee-shifting.

The appellees were subjected to objectively unreasonable claims by the plaintiffs. As a result the case was properly dismissed and fees were awarded against the plaintiffs pursuant to § 1988 and against the plaintiffs' attorneys pursuant to Rule 11 and § 1927. The appellees have successfully defended the award of fees at issue on this appeal, and they are entitled to an additional award of attorneys' fees incurred on this appeal. Affirmed and remanded.