Chester H. BOROWSKI, Plaintiff,

v.

DePUY, INCORPORATED, A DIVISION OF BOEHRINGER MANNHEIM COMPANY, and Stephen Bales, Defendants–Appellees.

Appeals of MITCHELL A. KRAMER & ASSOCIATES.

Nos. 88–2791, 88–3179 and 89–1014.

United States Court of Appeals, Seventh Circuit.

June 9, 1989.

Robert S. Atkins, Atkins & Associates, Chicago, Ill., for plaintiff.

Mitchell A. Kramer, Ellen F. Kandell, Philadelphia, Pa., for appellant.

Edward C. Fitzpatrick, Timothy M. Maggio, Lord, Bissell & Brook, Chicago, Ill., Stanley V. Boychuck, Richard C. Palmer, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

These three appeals are facets of *Borowski v. DePuy, Incorporated*, 850 F.2d 297 (1988), where a sales representative sued his corporate employer and its former national sales manager, Stephen Bales, after plaintiff's discharge. In that opinion, we affirmed a summary judgment in favor of the defendants and imposed sanctions against plaintiff's counsel, appellant Mitchell A. Kramer, who subsequently filed these three appeals. While his firm and defendant Bales have filed a total of seven briefs in the three appeals, defendant DePuy has not filed any brief. Because the briefs are so complete, we are dispensing with oral argument.

On February 13, 1989, Chief Judge Bauer ordered that these appeals be consolidated and considered by the same panel that decided the litigation reported in 850 F.2d 297. Since each appeal involves a different question, they will be considered *seriatim*.

## No. 88–2791

Our prior opinion was handed down on June 17, 1988, and upheld the district court's imposition of Fed.R.Civ.P. Rule 11 sanctions against Mitchell Kramer, who was Borowski's counsel in this litigation. A month thereafter Magistrate Rosemond awarded $48,926.41 as attorney's fees to DePuy's counsel and $16,806.77 to co-defendant Bales' counsel. On August 11, 1988, the district court adopted the magistrate's report and recommendation in its entirety. This appeal is from the August 11 order and concerns the district court's earlier denial of Kramer's motion to take discovery regarding the reasonableness of the fees.[1] Kramer now asks us to reverse the August 11, 1988, order of the district court in order to allow him to take discovery as to the reasonableness of the fees that have been awarded against Kramer.

The district court had originally denied Kramer's motion for leave of court to seek expedited discovery on January 21, 1988. Judge Bua had relied on the Advisory Committee's note with respect to the 1983 amendment of Rule 11 declaring that courts should allow discovery concerning Rule 11 sanctions "only in extraordinary circumstances." This denial was predicated on two factors: (1) plaintiff "failed to demonstrate such extraordinary circumstances in the instant case" and (2) discovery would be particularly inappropriate because the two defendants "have included sufficient [attorney's fee] details to render additional discovery unnecessary." On this appeal, Kramer argues that the district court's refusal to allow discovery about the reasonableness of the defendants' attorney's fees violated his due process rights. Kramer insists that expedited discovery was necessary in order to clear up "deficiencies and ambiguities" in the fee petitions.

In his brief on appeal, Kramer admits that he found no cases allowing discovery in connection with Rule 11 attorney fee sanctions (Br. 12). However, he asserts that this Court wrongfully described Rule 11 sanctions "as a general fee-shifting device." *Hays v. Sony Corp. of America*, 847 F.2d 412, 419 (7th Cir.1988). We recently adhered to this view of Rule 11 in *Hamer v. County of Lake*, 871 F.2d 58, 60 (7th Cir.1989). As opposed to those cases, Kramer relies primarily on *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (1987), where the Third Circuit stated that "Rule 11 sanctions should not be viewed as a *general* fee shifting device" (emphasis supplied). The meaning of this phrase in *Gaiardo* was clarified elsewhere in the opinion where the court explained that Rule 11 "is not *wholesale* fee shifting but correction of litigation abuses" and that "the Rule must not be

---

1. This appeal is properly before this Court because the district court's order of August 11, 1988, made its interlocutory discovery order of January 21, 1988, final.

used as an *automatic* penalty against an attorney" (pp. 483, 482) (emphasis supplied). We are in accord with those appraisals. *Hays* and *Hamer* are not in conflict with the Third Circuit, nor did Judge Bua's discovery ruling transgress those authorities.

Kramer has been unable to cite any authority supporting his supposed due process right to discovery with respect to the Rule 11 sanctions imposed. Indeed, the pertinent cases hold that not even a hearing is required before the imposition of Rule 11 sanctions. *McLaughlin v. Bradlee*, 803 F.2d 1197, 1205–1206 (D.C.Cir. 1986); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194 (7th Cir.1985); *Brown v. National Board of Medical Examiners*, 800 F.2d 168 (7th Cir.1986); *INVST Financial Group v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391, 405 (6th Cir.1987); *National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1324 (D.C.Cir.1982).

■ This Court has already held that in cases like this an appellant is not entitled to discovery on the issue of attorney's fees. *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 183 (1985). The record here shows that the defense attorneys had supported their fee requests with sufficient information (see Magistrate's July 22, 1988, report at 4–6), so that there was no abuse of discretion in denying Kramer's request for discovery.

Judge Bua's order denying discovery (quoted at p. 3 above) contained two entirely satisfactory reasons to support his ruling. To grant discovery now would unduly prolong this already protracted litigation.

### No. 88–3179

On July 22, 1988, Magistrate Rosemond issued a report awarding $47,216.01 to defendant DePuy and $16,287.77 to defendant Bales in attorneys' fees and costs under Rule 11 of the Federal Rules of Civil Procedure. These were to be assessed solely against plaintiff's lawyers, appellant Mitchell A. Kramer & Associates, of Philadel-

phia. The report was sent to plaintiff's local counsel, Robert S. Atkins, who failed to forward it from Chicago to Kramer. No objections to the magistrate's report were filed. On August 11, 1988, Judge Bua approved that report. Kramer received notice of that order four days thereafter.

Pursuant to Fed.R.Civ.P. Rule 60(b), on August 30, 1988, Kramer moved for relief from the district court's August 11, 1988, order, asking the court to vacate that order and permit him to file untimely objections to the magistrate's July 22, 1988, report. This motion was denied on October 7, 1988, on the ground that "excusable neglect" required by Rule 60(b)(1) was not shown in that local counsel Atkins had received the magistrate's report a day or two after its docketing, which was adequate notice under Northern District of Illinois Rule 3.13C providing for service of notice on local counsel (having an office within that district). The appearance form filed by Kramer and Atkins also provided for service only upon Atkins.

■ In accordance with *Gooch v. Skelly Oil Company*, 493 F.2d 366, 370 (10th Cir. 1974), certiorari denied, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270, involving an identical scenario under comparable Rule 4(a)(5) of the Federal Rules of Appellate Procedure,[2] the failure of Atkins to forward the magistrate's report to Kramer was a "run-of-the-mill oversight" between counsel of record rather than excusable neglect. Appellant has been unable to cite any contrary authority under the "excusable neglect" standard of Rule 60(b)(1). Our research has uncovered numerous cases holding that negligence or carelessness of counsel does not constitute "excusable neglect" under Rule 60(b)(1). See cases collected in 7 Moore's Federal Practice (2d ed.) ¶ 60.27[1].

Seemingly as an afterthought, appellant relies fleetingly on catchall Rule 60(b)(6) providing for relief from a judgment or order for "any other reason justifying relief from the operation of the judgment"

---

**2.** Defendant Bales inexcusably twice refers to *Gooch* as a case involving Rule 60(b) (Br. 25).

Such an egregious error greatly weakens a litigant's position.

(Br. 16–18). However, it is well settled that negligence of counsel, here plaintiff's local counsel, also does not justify setting aside an order under that part of Rule 60(b). *Idem.* ¶ 60.27[2] at 60–290 and cases cited in n. 48; see also Supp. to Vol. 7 at 61 and cases cited in n. 48.

■ Bales requests costs and attorneys' fees under FRAP Rule 38 with respect to both appeal No. 88–2791 (involving Kramer's discovery request as to defense counsel's fees and costs) and No. 88–3179 (involving his request for relief under Fed.R. Civ.P. 60(b)) on the ground that both appeals are confounded, vexatious and frivolous (Br. in Nos. 88–2791 and 88–3179 at 26–27). We disagree. While these two appeals do not present close questions, nevertheless they have at least *de minimis* plausibility. Furthermore, a few months after our opinion reported in 850 F.2d 297, this Court awarded DePuy's counsel $18,-302.86 and Bales' counsel $14,195.61 in fees and costs under FRAP Rule 38. On December 19, 1988, under Rule 11 Fed.R.Civ. P. the district court awarded Bales' counsel $6,931.31 in additional attorney's fees and costs (involved in appeal No. 89–1014, discussed *infra*). On August 11, 1988, it had awarded DePuy's counsel $47,216.01 and Bales' counsel $16,287.77 attorneys' fees and costs, also under Rule 11. Thus Kramer's firm is already subject to a $102,933.56 liability for defendants' attorneys' fees and costs. Considering the magnitude of the sanctions already imposed on plaintiff's counsel, we conclude that the requested further sanctions under FRAP 38 would be exacting a pound of flesh and therefore refuse to impose them.

### No. 89–1014

This appeal is from the district court's December 19, 1988, order allowing Bales' counsel an additional $6,931.31 in attor-

ney's fees and costs covering work performed from December 17, 1987, through August 30, 1988. As noted, Bales' counsel had been awarded $16,207.77 in fees and costs by the district court on August 11, 1988, in conformity with the magistrate's September 30, 1987, and July 22, 1988, recommendations. The additional $6,931.31 was for fees and expenses mostly incurred in defense of the various rulings of the district judge and magistrate concerning Bales' petition for fees and costs under Fed.R.Civ.P. 11.[3]

■ Our decisions in *Hays* and *Gorenstein Enterprises v. Quality Care–USA, Inc.*, 874 F.2d 431 (7th Cir.1989),[4] make clear that Rule 11 provides a "make-whole" remedy to place the prevailing party in the position it would have been had the frivolous argument not been advanced in the district court. An independent finding of frivolousness is not always necessary when awarding fees for proceedings which result from a frivolous, and sanctioned, action. For example the remedial policy underlying Rule 11, which provides for the recovery of costs in successfully defending the fee award on appeal, does not require an independent finding by the appellate court that the appeal was frivolous, but only that the district court correctly adjudged that the litigant's position in the district court was frivolous. Under this make-whole policy, it is therefore appropriate to award all fees incurred as a result of the initial frivolous position, including fees for litigating the amount of fees to be awarded, without a separate independent finding of frivolousness at each stage of the proceedings such as a court of appeals is required to make prior to awarding fees under FRAP 38 (for a frivolous appeal). "[The party defending against the frivolous argument] could therefore move the district judge for an award under Rule 11 of the fees it incurred

---

**3.** On this appeal, appellant has not questioned other expense items covered in the $6,931.31 award.

**4.** Although in *Gorenstein* this Court awarded fees incurred on appeal pursuant to FRAP 38, concluding that when an appellate court affirms the district court's determination that an argument advanced below was frivolous, the appeal

based upon that same argument is by logical extension also frivolous under that rule ("an appeal by a party whose claim or defense was frivolous is, in the absence of special circumstances ..., frivolous within the meaning of Rule 38"), at 440. It also detailed the awarding of fees under Rule 11. See text *infra*.

in defending the appeal(s) in this court, without having to show that all or even any of the arguments made by the Gorensteins on appeal were frivolous (most were, but not all)." *Gorenstein*, at 440.

In *Glass v. Pfeffer*, 849 F.2d 1261, 1266 (1988), although the Tenth Circuit remarked it may not *"always"* permit additional attorneys' fees for defending an earlier fee award (emphasis supplied), such an award was nonetheless permitted; consequently, that holding is not in conflict with our decision here. In any event, we adhere to the reasoning in *Hays* which was not discussed in *Glass*. Our decision in *Hays*, as reaffirmed in *Gorenstein*, is decisive and fully supports this additional award. However, the sanctions already imposed on plaintiff's counsel persuade us that a further award to Bales under FRAP Rule 38 for litigating appeal No. 89–1014 would be *de trop*.

The district court orders involved in these three appeals are affirmed but without granting Bales additional attorney's fees; costs incurred in this Court in the three appeals are to be borne by appellant.[5]

CUDAHY, Circuit Judge, concurring in part and dissenting in part:

I agree that the judgments in Nos. 88–2791 and 88–3179 should be affirmed. Whether to allow discovery in connection with a Rule 11 fee award is, of course, a matter committed to the sound discretion of the trial court. I do not believe that, in No. 87–2791, Kramer has sustained the heavy burden of demonstrating that the district court abused its discretion by refusing to allow the Rule 11 fee proceedings to be conducted as a "mini-trial." In No. 88–3179, the district court was quite justified in finding that Kramer had not demonstrated "excusable neglect" for its failure

to file timely objections to the magistrate's report, since it was undisputed that an attorney purporting to be Kramer's local counsel had received the magistrate's recommendations in a timely fashion. I do not believe, however, that No. 89–1014, which involves a challenge to the *amount* of the Rule 11 fee award, is controlled by *Hays v. Sony Corp. of America*, 847 F.2d 412, 419 (7th Cir.1988), and *Gorenstein Enterprises, Inc. v. Quality Care–USA, Inc.*, 874 F.2d 431 (7th Cir.1989). I therefore respectfully dissent as to No. 89–1014 and the award of $6,931.31 involved in that case.

*Hays* and *Gorenstein Enterprises* seem to be based on the principle that, in general, any attempt to justify on appeal conduct which has been found to be unjustifiable is itself unjustifiable. *See Gorenstein Enterprises*, at 440 ("the appeal of a litigant whose position in the district court was correctly adjudged frivolous is frivolous per se").[1] Whatever else may be said about this approach, it seems to me to be based on some *finding* of frivolousness. Thus, once a district court has found conduct to be frivolous, any subsequent challenges on the issue of frivolousness are deemed frivolous, or are, at least, sanctionable.

The same rationale, however, does not seem to me to extend to the *amount* of the sanction; I do not believe that the result in No. 89–1014 follows ineluctably from *Hays* and *Gorenstein Enterprises*. Simply because a party has engaged in frivolous conduct, it can hardly be said that the party's good-faith contest of what the frivolous conduct cost the opposition is itself frivolous. Damages are an issue apart from liability, and Kramer is not *automatically* liable for the costs attendant to its

---

5. Other arguments raised by appellant in the three appeals have been considered by the Court but do not merit discussion.

1. While this may not be the only theory explaining the outcomes in *Hays* and *Gorenstein*, it is the analysis most consonant with the function of Rule 11 as a sanctions statute designed to deter and punish frivolous litigation tactics. Unlike fee-shifting statutes, such as 42 U.S.C. section 1988, which serve as vehicles for compensating "private attorneys general" who have vindicated important federal interests, Rule 11 is primarily intended to punish violators, and seeks only indirectly to compensate the victim of the offender's misconduct. The majority's "make whole" rationale, founded on an analogy to fee-shifting statutes, is inconsistent with the fundamentally punitive cast of Rule 11.

1344

challenge of the amount of the Bales' compensable fees. The majority's holding essentially means that, once conduct has been found to be sanctionable, the sanctioned party must acquiesce in his victim's request for fees, whatever the amount, on pain of suffering the imposition of additional sanctions attendant to a good-faith challenge to the amount of fees requested. On this point, the majority result seems to me in conflict with *Glass v. Pfeffer*, 849 F.2d 1261, 1266 (10th Cir.1988), which holds that sanctions should not be awarded as a matter of course in connection with a hearing set to determine the amount of allowable fees. *Glass* allowed an award of such sanctions merely because in that case the sanctioned party was found to be guilty of dilatory or abusive tactics or bad faith. No such finding has been made here.