**Mary Ellen BYRNE, Plaintiff,**

v.

**BOARD OF EDUCATION, SCHOOL DISTRICT OF WEST ALLIS–WEST MILWAUKEE, Defendant.**

No. 89–C–163.

United States District Court,
E.D. Wisconsin.

June 27, 1990.

Arthur Heitzer, Milwaukee, Wis., for plaintiff.

Foley & Lardner by Herbert Wiedemann and Thomas Pence, Milwaukee, Wis., for defendant.

### ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Mary Ellen Byrne, is a former school teacher; she alleges that the defendant, the school district, violated § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and 42 U.S.C. § 1983 when the school district dismissed her on August 3, 1987. The defendant has filed a motion for summary judgment on the § 504 claim asserting that while the plaintiff is an individual with a handicap, she is not "otherwise qualified" to teach because she is totally disabled and cannot be accommodated. The defendant has also moved to amend its answer to assert a defense of the statute of limitations. In addition, the defendant has filed a motion to compel the production of an analysis prepared by the staff attorney for the teachers' union to which the plaintiff belonged. Each of the defendant's motions will be denied, and sanctions will be imposed.

### SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56, Federal Rules of Civil Procedure.

In *School Board of Nassau County v. Arline*, 480 U.S. 273, 287, 107 S.Ct. 1123, 1130, 94 L.Ed.2d 307 (1987), the United States Supreme Court stated that, in most cases, the determination whether one is "otherwise qualified" within the meaning of the Rehabilitation Act will require the district court "to conduct an individualized inquiry and make appropriate findings of fact." Notwithstanding the general rule, the defendant urges that summary judgment is appropriate here.

In order. to prevail, the defendant must satisfy the court that the undisputed facts require the conclusion either that the plaintiff was totally unable to work as a teacher because of her physical condition or that the district afforded the plaintiff all reasonable accommodation, and yet she still could not perform as a teacher. Neither conclusion is compelled by the record before the court.

" 'Otherwise qualified' means, in the employment context, that the handicapped individual can perform the essential functions of the job." *Carter v. Casa Central*, 849 F.2d 1048, 1053 (7th Cir.1988), *citing Arline, supra*, at n. 17 and *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979). If the individual is unable to perform the essential functions of the job, then the employer must try to accommodate the individual to enable her to perform the job requisites. *Arline, supra*, n. 17. The employer is required to offer reasonable accommodations. *Id.* at n. 19. Accommodations which are unduly burden-

some financially or administratively or are "a fundamental alteration in the nature of [the] program" are not reasonable. *Id.*

■ From my review of the extensive filings in this case, I am satisfied that the defendant is not entitled to summary judgment on either ground advanced. There is sufficient documentation by both Drs. Levy and Fink that Ms. Byrne could return to work if appropriate reductions of the offending fungus were made in her work environment and if she was closely monitored. Plaintiff's Attachment F. This was also the suggestion made by the union staff attorney shortly before Ms. Byrne's termination hearing. Deposition Exh. 10. The defendant school district itself was uncertain of the plaintiff's capabilities right up until the time of her termination; in recommending the dismissal of the plaintiff to the school board, the superintendent of schools charged Ms. Byrne with *either* (1) being able to work and absent without justification or (2) being unable to work because of her physical condition. Def.'s Appendix, Exh. K. The court is satisfied that the issue whether Ms. Byrne is totally disabled is a fact to be resolved at trial.

The defendant also maintains that it is entitled to summary judgment because it could do nothing to accommodate Ms. Byrne. Again, the requested relief is inappropriate since the record is full of suggested accommodations but is barren of facts establishing that the accommodations would result in an undue financial or administrative burden upon the defendant.

## MOTION TO AMEND

Ms. Byrne also complains that the defendant violated her rights under 42 U.S.C. § 1983 when it terminated her on the basis of her handicap. The defendant now seeks to amend its answer to include the defense that Ms. Byrne's § 1983 claim is barred by the applicable statute of limitations. The defendant's motion will be denied, and Rule 11 sanctions will be imposed.

On June 26, 1989, I issued a decision and order in the case at bar which held that the applicable statute of limitations for § 1983 cases is three years. At the time I made my ruling, the issue was an open question in this circuit. Subsequently, on September 22, 1989, the court of appeals for the seventh circuit decided that the applicable statute of limitations for § 1983 actions in Wisconsin is six years. *Gray v. Lacke*, 885 F.2d 399, 407–09 (7th Cir.1989).

The defendant asserts that my decision and order dated June 26, 1989, became the "law of the case" and remains so until I subsequently change it. Notwithstanding the clear and unequivocal seventh circuit holding to the contrary, the defendant steadfastly argues that the plaintiff's action is barred by a three-year statute of limitations; the defendant simplistically invokes the doctrine of the law of the case.

■ The doctrine of the law of the case does provide that once "a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Redfield v. Continental Casualty Co.*, 818 F.2d 596, 605 (7th Cir.1987). That doctrine, however, is not a limitation on the power of the district court. *Messenger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). Further, the doctrine will not be applied where it is clearly erroneous to do so. *Redfield*, 818 F.2d at 605.

■ In this case, subsequent controlling authority has been issued by the circuit court of appeals, which is a recognized exception to the doctrine of the law of the case. *See Hamer v. County of Lake*, 871 F.2d 58, 60 (7th Cir.1989). The defendant has cited absolutely no authority, other than its frivolous "law of the case" argument, for its remarkable proposition that a ruling in a case by a district court remains binding as to that case despite a squarely contrary subsequent holding by the court of appeals. The motion to amend the complaint must be denied.

■ The plaintiff has requested that the court impose a monetary sanction upon the defendant relative to the motion to amend the answer. The imposition of sanctions, pursuant to Rule 11, Federal Rules of Civil Procedure, is warranted in this instance. Rule 11 provides, in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney

shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or its own initiative shall impose upon the person who signed it, a represented party or both an appropriate sanction....

Rule 11 should not be applied to discourage vigorous or even innovative legal arguments. In acknowledging that the court of appeals for this circuit has specifically ruled that six years is the applicable limitations period in § 1983 claims in Wisconsin, the defendant itself cites not only *Gray* but a more recent decision: *Kuemmerlein v. Madison Metropolitan School District*, 894 F.2d 257, 259 (7th Cir.1990). Nevertheless, the defendant then refers to my prior ruling in the case at bar and another contrary district court ruling (dated 1986); the defendant also relies on a Wisconsin appeals court decision in 1985. The defendant thereupon draws the wholly unacceptable conclusion that the holdings of the circuit court of appeals are "at odds with the view" of this court and are not "well-settled authority." Defendant's Reply Brief p. 3. The defendant's contention is not only thin and unconvincing, but also it is preposterous and wacky.

I find it necessary to conclude that the school district's statute of limitations contentions are unwarranted under existing law and are devoid of a "good faith argument." *Magnus Electronics v. Masco Corp. of Indiana*, 871 F.2d 626, 629 (7th Cir.1989). Accordingly, the counsel for the defendant and the defendant party will be ordered jointly to pay $500.00 within 10 days of the date of this decision and order to the plaintiff as part of her attorney's fee; I have set this amount based on my familiarity with the billing rates of attorneys in this community and the amount of time that should have been reasonably expended by the plaintiff's counsel in opposing the defendant's unwarranted motion. *Id.* at 634.

### MOTION TO COMPEL DISCOVERY

The defendant seeks to obtain a copy of an analysis prepared by Stephen Pieroni, a staff attorney employed by the Wisconsin Education Association Council. Ms. Byrne belongs to a union which is a part of the Wisconsin Education Association Council. Prior to her termination, Ms. Byrne asked for and received legal representation from the Wisconsin Education Association Council; Mr. Pieroni was assigned the task.

The defendant claims entitlement to Mr. Pieroni's analysis under several theories. The court will address only the work-product privilege, as it is dispositive of the issue.

By means of Rule 26(a)(3), Federal Rules of Civil Procedure, a conditional privilege is extended to the documents and the tangible things "prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative." Such materials may be discovered only upon a showing that the party seeking them has substantial need for the documents and that it is unable to obtain the material without substantial hardship. However, if the materials sought are comprised of the "mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party," such materials are absolutely protected from disclosure. *United States v. Capitol Service Inc.*, 89 F.R.D. 578, 585 (E.D.Wis.1981). From the affidavit filed by Attorney Pieroni, I am satisfied that the analysis sought by the defendant consists primarily of the type of work that enjoys an absolute privilege.

The fact that the report was not prepared in anticipation of *this* litigation is of no moment. *Federal Trade Commission v. Grolier, Inc.*, 462 U.S. 19, 26, n. 9, 103

S.Ct. 2209, 2214, n. 9, 76 L.Ed.2d 387 (1983), citing with approval, *United States v. Capitol Service Inc.*, 89 F.R.D. at 585, wherein Chief Judge Robert W. Warren adopted the modern view that "the work product privilege extends to documents prepared in anticipation of *any* litigation, not just the instant litigation."

Therefore, IT IS ORDERED that the defendant's motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion to amend its answer be and hereby is denied.

IT IS FURTHER ORDERED that pursuant to Rule 11, Federal Rules of Civil Procedure, the counsel for the defendant and the defendant be and hereby are directed to pay jointly to the plaintiff $500.00 as attorney's fees within 10 days from the date of this decision and order.

IT IS FURTHER ORDERED that the defendant's motion to compel discovery be and hereby is denied.