Richard A. WALTZ,

v.

COUNTY OF LYCOMING, Raymond A. Holland, and Peter J. Purcaro,

Richard A. Waltz, Allen E. Ertel, Attorney, Appellants.

No. 91–5090.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 19, 1991.

Decided Sept. 4, 1992.

Order on Denial of Rehearing Sept. 29, 1992.

J. David Smith, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht, Williamsport, Pa., for County of Lycoming, appellee.

A. Taylor Williams, Supreme Court of Pennsylvania, Administrative Office of Pa. Courts, Philadelphia, Pa., for Raymond A. Holland and Peter J. Purcaro, appellees.

John C. Youngman, Jr., Candor, Youngman, Gibson & Gault, Williamsport, Pa., for Allen E. Ertel, Attorney appellant.

Allen E. Ertel, Williamsport, Pa., for Richard A. Waltz, appellant.

Before: BECKER and HUTCHINSON, Circuit Judges, FULLAM, Senior District Judge.

## OPINION OF THE COURT

FULLAM, Senior District Judge.

■ Plaintiff-appellant and his attorney appeal from an Order of the District Court imposing Rule 11 sanctions.[1] We apply an abuse-of-discretion standard in reviewing all aspects of the District Court's determinations. *Cooter & Gell v. Hartmarx Corporation*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). We conclude that the District Court did not abuse its discretion in finding that counsel violated Rule 11 and should be sanctioned, but we remand for reconsideration of the sanction imposed.

According to the pleadings, plaintiff Richard A. Waltz was summarily discharged from his position as a Lycoming County probation officer, for having exercised his First Amendment right by writing a letter to a newspaper on a matter of public importance. He promptly consulted counsel, Allen Ertel, Esquire, who promptly filed suit, naming as defendants the County of Lycoming and two individuals responsible for the firing, Raymond A. Holland and Peter J. Purcaro. All three defendants were represented by the same counsel.

Plaintiff's complaint contained four counts: Count I charged the defendants with having violated plaintiff's "First Amendment rights." Count II charged the defendants with having violated plaintiff's rights under the Federal Civil Rights Statute, 42 U.S.C. 1983. Count III asserted a claim for "wrongful discharge" under state law, and Count IV charged the defendants with having violated plaintiff's free speech rights under the Constitution of Pennsylvania. Each count contained an identical prayer for relief, seeking "compensatory damages in excess of $10,000.00, punitive damages, attorneys' fees, costs, reinstatement to his position with the county, and such further relief as the Court may deem necessary and appropriate." The allegations of the various counts of the Complaint, and the prayers for relief in each count, made no distinction between the individual defendants and the defendant county.

Not long after suit was filed, as a result of an administrative appeal, plaintiff was reinstated to his position, with full back pay. The defendants then moved to dismiss the entire Complaint as moot. The District Court apparently concluded that not all of plaintiff's claims had been rendered moot by the reinstatement, and that plaintiff might be able to pursue his claims for punitive damages. On its own motion, however, the District Court concluded that a higher standard of specificity applied to civil rights complaints in all respects, and that plaintiff should be required to allege in greater detail the basis for his punitive damages claims. The Court therefore dismissed plaintiff's Complaint, with leave to amend. Plaintiff thereupon amended his Complaint in an effort to spell out in great detail the basis for his punitive damage assertions, and also to further specify his compensatory damages claim.

Some time thereafter, defendants filed a motion to dismiss the Amended Complaint. The principal thrust of their motion was that plaintiff's claims for compensatory damages had previously been dismissed with prejudice as mooted by the reinstatement, and that, in any event, since plaintiff's position did not enjoy civil service protection, he had no property interest in the job. In paragraph 12 of defendants' 13–paragraph motion, however, defense counsel also asserted for the first time that punitive damages could not be imposed against the defendant Lycoming County. Plaintiff nonetheless filed a second amended complaint containing a punitive damages claim.

On December 1, 1989, the defendant Lycoming County filed its motion for sanctions under Federal Rule of Civil Procedure 11. In addition to pointing out that puni-

---

1. Initially, the Court sanctioned plaintiff-appellant. The next day, however, the Court vacated the sanction against plaintiff-appellant, and substituted his attorney, Allen E. Ertel, Esq., as the sanctionee. Although both have appealed, the correct appellant is Mr. Ertel.

tive damages are not recoverable against municipalities under the clear holding of the United States Supreme Court in *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), the motion asserted that plaintiff's original complaint "did not describe any policy or custom attributable to Lycoming County which led to his termination"; and that "although plaintiff alleged that there was a media policy [pursuant to which he was discharged for exercising his First Amendment rights], that policy is not a policy of Lycoming County, but a policy of the Lycoming County court system, which is a separate and distinct entity." The motion further asserted that it was improper for plaintiff, in his amended complaint, to reincorporate the allegations of the original complaint, as well as to persist in claiming that the County could be held liable for punitive damages. The motion asserted that "the County has been put to the expense of defending a lawsuit in which it should never have been named as a party, and filing various motions to substantiate its position in this regard, and because plaintiff has continued to pursue his claims against the County notwithstanding the County's motions to dismiss his original complaint and his amended complaint."

An evidentiary hearing on defendant's motion for sanctions was eventually held over a two-day period, October 24 and 25, 1990. For reasons not apparent from the record, the evidence consisted principally of introducing as exhibits, and reading into the record, portions of the pleadings, motions, and briefs which were already part of the record, and therefore subject to judicial notice without further proof. In addition, there was evidence in support of defendant's calculation of counsel fees and expenses, and testimony from Mr. Ertel concerning his pre- and post-filing legal research on the issue of the County's amenability to punitive damages.

## DISCUSSION

Our review of the record in this case suggests that all of the attorneys involved could properly be criticized for their incom-plete awareness of the legal nuances of civil rights litigation. We believe a reasonable investigation of the law, as required by Federal Rule of Civil Procedure 11, should have made clear to the attorneys on both sides: (1) that there can be no valid federal claim for punitive damages against a municipality in these circumstances; (2) that, if plaintiff's First Amendment rights were violated as alleged, reinstatement with back pay would not necessarily satisfy all of plaintiff's valid claims for compensatory damages; (3) that the allegations of the original complaint, as well as the subsequent amended complaints, sufficed to assert a possible basis for imposing punitive damages against the individual defendants; (4) that the requirement of heightened particularity in civil rights pleadings applies only to allegations asserting constitutional violations; there is no requirement that damages be pleaded with any greater particularity in civil rights cases than in other cases; (5) that, for purposes of a F.R.Civ.P. 12(b)(6) motion to dismiss, the allegations of the complaint must be accepted as true; and (6) that, since plaintiff was asserting a violation of his First Amendment rights—and not a violation of due process of law—he was not required to establish a "property interest" in continued employment in order to prevail.

■ Plaintiff's counsel, Allen Ertel, Esq., violated Rule 11 by persisting in asserting that the county could be held liable for punitive damages. Although, at the hearing on the Rule 11 motion, Mr. Ertel suggested some possible theories in an attempt to justify his recalcitrance (based upon his mis-reading of other Supreme Court precedents he concluded that the Supreme Court had upheld an award of punitive damages against a school board; it was possible that a county would not be treated as a "municipality" within the meaning of the *City of Newport* case; and he had found one Common Pleas Court decision to the effect that punitive damages are recoverable against municipalities under state law), we cannot say that the District Court abused its discretion in concluding that Mr. Ertel did not make an adequate pre-filing investigation, that he

had advanced no colorable basis for an extension or modification of the law, and that his proffered explanations were simply afterthoughts.

Nevertheless, it is manifest from the record that Mr. Ertel's violation of Rule 11 was relatively insignificant, and occasioned what should have been only minimal incremental burdens upon opposing counsel and the judicial system, particularly when compared to the other derelictions of counsel on both sides.

As various studies demonstrate, *see, e.g., American Judicature Society, Rule 11 in Transition, the Report of the Third Circuit Task Force on Federal Rules of Civil Procedure* 11 (Burbank Rptr.1989), there is some inevitable disparity in the imposition of sanctions against plaintiffs and their counsel as compared to defendants—inevitable, because, in the nature of things, plaintiffs have more opportunities to violate Rule 11, and their filings are more likely to be scrutinized. And there has been widespread concern—fortunately, not yet persuasively shown to have a solid basis in fact—that disparity in the imposition of sanctions may have a chilling effect upon creative advocacy, particularly in civil rights cases. The standards of advocacy, and the reasonableness of counsel's investigation of the law, remain the same in civil rights cases as in other litigation. But where non-frivolous claims of constitutional violations are asserted, it is important to avoid the chilling effect of over-scrupulous application of Rule 11 to relatively trivial procedural inadequacies having no serious consequences. This does not mean that sanctions should not have been imposed, merely that their application in this case should have been more nearly even-handed, as between plaintiff and defendants.

■ Another problem in this case is that the parties, and the district court, seem to have assumed that the Rule 11 violation should automatically result in an award of counsel fees and costs. There is no suggestion that the district court made a conscious choice as to the appropriate sanction. But, as the Third Circuit Task Force Study, *supra*, suggested, and as the Su-

preme Court has now confirmed in *Cooter & Gell v. Hartmarx Corp., supra,* Rule 11 is not primarily a fee-shifting rule. Although sanctions may properly include an award of counsel fees and expenses to the adversary, the prime goal should be deterrence of repetition of improper conduct, and an award of counsel fees or other monetary sanction should not automatically be the sanction of choice.

■ Moreover, as the Supreme Court has emphasized, Rule 11 permits an award only of those expenses directly caused by the improper filing.

"Rule 11 is more sensibly understood as permitting an award only of those expenses directly caused by the filing, logically those at the trial level. A plaintiff's filing requires the defendant to take the necessary steps to defend against the suit in district court; if the filing was baseless, attorney's fees incurred in that defense were triggered by the Rule 11 violation. If the district court imposes Rule 11 sanctions on the plaintiff, and the plaintiff appeals, the expenses incurred in defending the award on appeal are directly caused by the district court's sanction and the appeal of that sanction, not by the plaintiff's initial filing in district court." *Cooter & Gell v. Hartmarx Corp., supra,* 496 U.S. at 406, 110 S.Ct. at 2461.

The award in this case appears to have been calculated on the basis of virtually all of the time devoted by counsel to the defense of this litigation from the date the sanctions motion was filed until the end of the sanctions hearing, including the time spent litigating the sanction issues.

Mr. Ertel's erroneous assertion of punitive damage claims against all of the defendants, without excluding the County of Lycoming, can reasonably be regarded as having been the direct cause of a motion by the County to dismiss that part of the *ad damnum* clause, insofar as that defendant was concerned. Or, to state the matter more accurately, the district court could justifiably have concluded that a motion to dismiss was a reasonable response to the improper filing. It bears mention, how-

ever, that the offending portion of the prayer for relief could readily have been treated as a mere error in draftsmanship which would necessarily be eliminated at trial. In any event, there was no basis for sanctioning plaintiff's counsel on the other grounds asserted in defendant's Rule 11 motion, nor should Mr. Ertel have been penalized for resisting defendants' overly broad motions to dismiss the amended and second amended complaints.

█ Neither side has addressed the issue of whether, in view of the language quoted above from the Supreme Court's Opinion in *Cooter & Gell v. Hartmarx Corp.; supra*, the efforts of counsel in seeking sanctions and litigating sanctions issues could be reimbursed as having been directly caused by the tainted filing. Assuming, without deciding, that such reimbursement would be permissible in some circumstances, we nevertheless are of the view that, where sanctions are sought for several alleged violations of Rule 11, and only a single violation is established, if the court deems an award of counsel fees and expenses to be the appropriate sanction, only the successful aspect of the pursuit of sanctions should be included in the award.

The order appealed from will be vacated, and the case remanded to the district court for reconsideration of the nature of the sanction to be imposed. If an award of counsel fees and expenses is deemed appropriate, the award should cover only the incremental efforts directly caused by the erroneous claim for punitive damages against the municipality, in accordance with the views set forth in this Opinion.

Present: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, Circuit Judges and FULLAM, Senior District Judge.*

SUR PETITION FOR PANEL REHEARING WITH SUGGESTION FOR REHEARING IN BANC

The petition for rehearing filed by Appellant, having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges in active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is DENIED.