**Jonathan LAZORKO, Administrator of the Estate of Patricia Norlie, a/k/a Patricia Norlie–Lazorko; Jonathan Lazorko, Personal Representative of Patricia Norlie–Lazorko,**

v.

**PENNSYLVANIA HOSPITAL; Institute of Pennsylvania; David E Nicklin, M.D.; University City Family Medicine; U.S. Healthcare t/a HMO–PA**

Jonathan Lazorko, Administrator of the Estate of Patricia Norlie, a/k/a Patricia Norlie–Lazorko; and *John J. O'Brien, III, Esquire, Appellants.

No. 02–3692.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 23, 2003.

Decided Aug. 21, 2003.

Before: ALITO, FUENTES, and BECKER, Circuit Judges.

OPINION OF THE COURT

ALITO, Circuit Judge.

Patricia Norlie–Lazorko committed suicide in 1993 while suffering from depression and schizophrenia. As administrator of his late wife's estate, Jonathan Lazorko brought suit in Pennsylvania state court against U.S. Healthcare, the health-maintenance organization that insured the couple pursuant to an ERISA plan. Following a series of removals, remands, and partial summary judgments, U.S. Healthcare moved for Rule 11 sanctions against Lazorko's counsel, John J. O'Brien, III ("O'Brien, III"), on the basis of unsubstantiated allegations in Lazorko's Fourth

Amended Complaint that U.S. Healthcare had "a policy of intentionally not treating a patient to make a profit" and had fraudulently "sold a health care policy with the intent to disclaim and never revealed this scheme to the plaintiff or the decedent." In a separate order dated June 30, 1998, the District Court granted the motion and awarded costs to U.S. Healthcare for its defense against what it viewed as the frivolous claims. While O'Brien, III's appeal of the order was pending, the District Court held a hearing to determine the size of the sanctions award and on August 3, 1998, issued an order ("the 1998 order") assessing costs of $2,452.50. This order was not appealed. This Court subsequently held that O'Brien, III's appeal of the June 30, 1998, order was premature and dismissed it for lack of jurisdiction. *Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242, 251 (3d Cir.2000). On February 9, 2001, O'Brien, III's law partner, John J. O'Brien, Jr. ("O'Brien, Jr."), moved the District Court to reconsider its June 30, 1998, sanctions order, and U.S. Healthcare moved for additional sanctions due to the frivolity of the motion for reconsideration. On September 20, 2001, the District Court denied the motion for reconsideration and granted U.S. Healthcare's motion for additional sanctions, which amounted to $1,025. O'Brien, Jr. proceeded to move the District Court to vacate both sanctions awards, and on August 28, 2002, the District Court denied the motion and ordered the firm to pay the sum outstanding. The instant appeal comes from these orders. Additionally, U.S. Healthcare has moved for further sanctions pursuant to Federal Rule of Appellate Procedure 38.

U.S. Healthcare argues that O'Brien, III's failure to appeal the 1998 order renders the subsequent motions for reconsideration untimely, thereby divesting the District Court, and this Court, of jurisdiction to reach the merits. We conduct "ple-nary review of the question of our jurisdiction over the appeal of [a sanctions] award." *Lazorko*, 237 F.3d at 248. In its September 20, 2001, denial of O'Brien, Jr.'s motion for reconsideration, the District Court characterized the motion as untimely under both the Court's local rules, *see* E.D. PA. R. 7.1(g) ("Motions for reconsideration ... shall be served and filed within ten (10) days after the entry of the ... order ...."), and the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 60(b) (providing that a Court may relieve a party from a previous order upon a motion filed "not more than one year after the judgment, order, or proceeding was entered or taken"). Because Rule 60(b)'s time bar is jurisdictional, *see Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 985 (7th Cir.1989), the District Court's accompanying order constitutes a dismissal for lack of jurisdiction. Obviously, a litigant cannot resurrect jurisdiction, once it has been defeated, by submitting a (timely filed) motion to reconsider an earlier (untimely filed) motion to reconsider. Such a loophole would negate all time bars. We agree with the District Court's jurisdictional holding, and, consequently, we also lack jurisdiction.

Although we do not reach the merits, we note that we could not, in any event, discern any grounds on which to characterize the District Court's imposition of sanctions as an abuse of discretion. O'Brien, III does not analogize this case to any precedents for the reversal of Rule 11 sanctions, *e.g., Zuk v. Eastern Pa. Psychiatric Inst. of the Medical College*, 103 F.3d 294 (3d Cir.1996); *Simmerman v. Corino*, 27 F.3d 58 (3d Cir.1994); *Waltz v. County of Lycoming*, 974 F.2d 387 (3d Cir.1992); *CTC Imports & Exports v. Nigerian Petrol. Corp.*, 951 F.2d 573 (3d Cir.1991), but merely continues to insist that the representations for which he was sanctioned

were accurate, while offering a *Philadelphia Inquirer* newspaper article, dated well after the sanctionable conduct, as the lone support for this contention. The article appears inadmissible, *cf. Metro. Council of NAACP Branches v. FCC,* 46 F.3d 1154, 1165 (D.C.Cir.1995) ("We seriously question whether a *New York Times* article is admissible evidence of the truthfulness of its contents."), and moreover is irrelevant given that an attorney's compliance with Rule 11 is judged according to "what was reasonable when the document was submitted.... [A] signer making an inadequate inquiry into the sufficiency of the facts and law underlying a document will not be saved from a Rule 11 sanction by the stroke of luck that the document happened to be justified." *Garr v. U.S. Healthcare, Inc.,* 22 F.3d 1274, 1279 (3d Cir.1994).

Although we agree that this appeal is frivolous, *see generally Borowski v. DePuy, Inc.,* 876 F.2d 1339 (7th Cir.1989), we do not consider it an appropriate occasion for the imposition of further sanctions pursuant to FRAP 38. " '[A] statement inserted in a party's brief that the party moves for sanctions is not sufficient notice' " to comply with the Rule's requirement that the party against whom sanctions are sought be given "separately filed ... notice ... and reasonable opportunity to respond." *Determan v. Sandoval,* 186 B.R. 490, 496 (B.A.P. 9th Cir.1995) (*quoting* FED. R.APP. P. 38 advisory committee's note to 1994 amendment); FED. R.APP. P. 38.

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction and deny U.S. Healthcare's motion for FRAP 38 sanctions.