**CAPELETTI BROTHERS, INC., Weekley Asphalt Paving, Inc., Westwind Contracting, Inc., and Hardrives Company, Plaintiffs,**

v.

**BROWARD COUNTY and L.A. Hester, Defendants.**

**No. 90–6204–CIV–JAG.**

United States District Court, S.D. Florida, Fort Lauderdale Division.

June 28, 1990.

Cir.1985). The trial testimony of the codefendant, now deceased, is admissible under F.R.E. 804(b)(1).

**1416**

Herbert P. Schlanger, Schlanger, P.C., Atlanta, Ga., Charles S. Caulkins, Fisher & Phillips, Ft. Lauderdale, Fla., for plaintiffs.

Henry Latimer, Fine Jacobson Schwartz Nash Block & England, Ft. Lauderdale, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motion of the defendants to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiffs have filed an opposing response and the defendants replied. The court has also heard oral argument of able counsel at the hearing held on May 11, 1990.

The plaintiffs are general and subcontractors who have and intend in the future to bid on building projects let by Broward County, Florida. The contractors challenge the legality of the County's set-aside program under the Equal Protection guaranty of the Fourteenth Amendment to the U.S. Constitution. Effective in 1985, Broward County adopted a program to aid minority contractors entitled Small Disadvantaged Business Enterprise Affirmative Action Program (the program or set-aside program). The program applies to "small, disadvantaged business enterprises", which are defined as businesses owned and operated by one or more of the following categories of individuals: Black Americans, Hispanic Americans, Asian–Pacific Americans, Native Americans, Asian–Indian Americans, women, and other persons found to be "socially and economically disadvantaged". *See* Broward County, Fla., Code § 20–275(2).

This court need not reach the merits of the plaintiffs' constitutional challenge because there is a lack of standing, ripeness, and a case and controversy. As noted by

the Supreme Court in *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), these are "threshold questions in every federal case, determining the power of the court to entertain the suit." Because there is also no indication that the plaintiffs can amend their pleading to cure the deficiencies, leave to amend shall not be granted and this case shall be dismissed. In making this determination, the court is mindful that the plaintiffs' allegations in the complaint must be taken as true. Also, any reasonable inferences which can be drawn from the allegations must be construed in favor of the plaintiffs. Nonetheless, it is the plaintiffs' pleading burden to allege sufficient facts in the complaint to allow the court to determine these threshold matters.

■ In addition, the plaintiffs' challenge cannot be sustained as a facial constitutional attack. The set-aside program is not mandatory, but rather a set of guidelines applied by the county to specific projects. In the program's general statement, it is noted that the county is to use "annual goals", rather than a required minimum amount of minority business enterprises in public projects. Broward County, Florida, Code § 20–275. More explicitly, section 20–276(1) states: "Goals for participation of small, disadvantaged business enterprises in county contracts shall be benchmarks for achievement, not mandates for complete attainment." *Also see* Code § 20277(1) (set-aside's defined as applicable to "particular" contracts). Therefore, the issue is whether the county's program, as applied, is unconstitutional and whether it meets the threshold requirements of a justiciable controversy.

■ First, the plaintiffs lack standing to object to the county's program because they lack an injury-in-fact. The complaint states, in paragraphs 50 through 52, that the set-aside program limits their business judgment, increases costs and risks, decreases profits, decreases business opportunities, and "limit[s] ... freedom to choose the subcontractor [who] ... could best complete the work and put in jeopardy

the quality of work and the contractor's reputation." These allegations all address economic injury; in other words, the plaintiffs, as contractors and subcontractors, are losing money because they have to follow Broward County's requirements in bidding on public construction projects. However, on its face, the complaint is deficient. Accepting as true that the set-aside program increases costs, there is no injury to the bidders or their profits. It would be the irrational businessman who did not factor such costs into his bid. Thereby, it is the county who ultimately absorbs the costs of its program by paying more to complete public construction projects. In effect, then, the plaintiffs only are objecting to the program on the basis of their status as taxpayers. There has, however, been no showing that the plaintiffs fit within any exception to the general rule that there is no independent ground to challenge government conduct merely on the basis of one's status as a tax paying citizen.

■ Second, even if there is an injury-in-fact, it is not individualized. All the contractors and subcontractors who wish to bid on public projects in Broward County must adhere to the requirements of the set-aside program, unless the guidelines are waived upon appropriate application. Therefore, even if there was an actual cost borne solely by the plaintiffs that could not be factored into a bid, the plaintiffs cannot show that this harm is unique to them and different from other bidders. Because all rational bidders would factor the program costs into their bid, no contractors have a competitive advantage over the plaintiffs since all the bidders comply with the program's requirement.

Furthermore, the plaintiffs have failed to specify any particular project, which caused them harm. There is no allegation that they submitted a nonconforming bid that was rejected, that they lost any bids, that the program precluded them from submitting a bid, or that they applied for a waiver under the statutory scheme which was refused by the county. There might be a different result if the plaintiffs had lost a bid, where they had the lowest bid, but could not comply with the requirements of minority participation. Moreover, if they had got the bid, but then applied for a waiver because the minority businessman was unable to perform and the county refused to waive the program requirements, then this court might have a case and controversy.

The lack of specific projects is also important to the element of ripeness. As the plaintiffs agree, each public construction project in Broward County is funded by a variety of federal, state, and local monies. The difficulty in judging the constitutional validity of the defendant's program is that there are varying standards, depending upon whether federal or state and local monies are involved. As noted in *City of Richmond v. Cronson*, 488 U.S. 469, 109 S.Ct. 706, 726–27, 102 L.Ed.2d 854 (1989), the federal government may utilize broader means to combat discrimination without running afoul of the Equal Protection Clause. In its complaint, the plaintiffs focus upon the county's program, without any reliance upon any particular project.

The plaintiffs understandably rely upon the *Cronson* decision. On the merits, the case is certainly supportive of the plaintiffs' position. However, that case reached the Supreme Court in a very different posture than this litigation. In *Cronson*, the city of Richmond, Virginia invited bids for provision and installation of plumbing fixtures at the city's jail. A contractor decided to submit a bid, but he could only comply with the city's set-aside program if he could obtain a minority business to supply the fixtures. However, no minority business enterprises were interested in the project. Cronson submitted his bid and he was the only bidder on the project. Subsequent to the opening of the bids, Cronson still was not able to secure minority participation and he therefore, applied for a waiver of the set-aside requirements from the city. A minority business finally agreed to provide the fixtures for the project, but it would cost Cronson extra monies which he had not factored into his bid. Therefore, he also applied to the city to increase the price of the bid to reflect these extra costs.

The city denied both this application and the waiver request and, when Cronson was not able to find another minority supplier, decided to rebid the project.

In *Cronson*, but for the requirements of the set-aside program, the contractor would have obtained the job. *In this case, the complaint does not allege that they have ever lost a single project because of Broward County's requirements.* Armed with the Supreme Court decision, the plaintiffs come to court and ask the undersigned, in effect, to set itself up as a constitutional board of inquiry and issue an advisory opinion on the constitutionality of the county's program. Especially when a case presents an issue of constitutional law, the court will decline to cull the statute books when no specific factual situation is presented. Under Article III § 2 of the Constitution, this court can only decide cases and controversies. This lawsuit, under the allegations in the plaintiff's complaint, does not satisfy this requirement.

Therefore, having considered the motions and the record in this cause, it is hereby

ORDERED AND ADJUDGED that the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED. The plaintiffs have no standing in this lawsuit and their dispute is not ripe or a case and controversy. For the reasons stated above, leave to amend shall not be granted and the complaint shall be DISMISSED.

The plaintiffs' motion for a preliminary injunction is hereby DENIED.

The defendants' motion for a protective order is hereby DENIED. The pendency of a Rule 12 motion is not a valid basis for barring discovery prior to a decision of the court. Such a matter is an issue addressed to the pleadings, even though it can, as a practical matter such as here, terminate the lawsuit.

DONE AND ORDERED.