The **CONE CORPORATION, J.W. Conner & Sons, Inc., Cone Constructors, Inc., Dallas 1 Construction & Development, Inc., Bulger Contracting Co., S & E Contractors, Inc., Woodruff & Sons, Inc., Kimmins Contracting Corp., and Suncoast Utility Contractors Association, Plaintiffs,**

v.

**HILLSBOROUGH COUNTY and Frederick B. Karl, Defendants.**

No. 89–540–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Sept. 16, 1994.

Herbert P. Schlanger, Law Office of Herbert P. Schlanger, P.C., Atlanta, GA, Maxwell G. Battle, Jr., Maxwell Battle, Jr., PA, Dunedin, FL, for plaintiffs.

Claude Hines Tison, Jr., Macfarlane, Ausley, Ferguson & McMullen, Tampa, FL, for defendants.

## ORDER ON RULE 11 SANCTIONS

KOVACHEVICH, District Judge.

THIS CAUSE is before this Court on the Court's *sua sponte* motion to impose sanctions on Plaintiffs and/or their attorney, pursuant to Rule 11, Fed.R.Civ.P. (Docket No. 137). Plaintiffs timely filed a memorandum in response (Docket No. 141), and Defendants thereafter timely filed their memorandum in response (Docket No. 145).

## FACTS AND PROCEDURAL HISTORY

Pursuant to this Court's Order on Remand and Plaintiffs' Motion to Amend (Docket No. 128), Plaintiffs were given a final opportunity to submit a complaint stating an injury-in-fact which stemmed from the operation of Hillsborough County Resolution R88–0173, § 8.46 (Minority Business Enterprise ("MBE") law). Plaintiffs were warned that the submission of a complaint which failed to establish injury-in-fact as described in that order could result in the imposition of Rule 11 sanctions.

Subsequently, Plaintiffs submitted a complaint almost identical to the original Second Amended Complaint, with only the addition of three (3) new paragraphs. (Docket No. 129). Plaintiffs resubmitted arguments that had been ruled upon in this Court's order, as

well as meritless arguments in relation to their claim for damages. Plaintiffs made no effort to tailor the complaint to the specific issue at bar. The new information established no particularized or concrete injury, as was required, but instead consisted of generalized and nonspecific allegations. Consequently, Plaintiffs' Second Amended Complaint was dismissed with prejudice. (Docket No. 138).

This case has been pending since 1989 and Plaintiffs have had ample time and opportunity to gather information factually supportive of any legitimate allegations, but have failed to do so. Because this Court believed that Plaintiffs had shown no regard for the Court's instructions to make a good faith attempt to show injury-in-fact, this Court moved *sua sponte* to impose sanctions on Plaintiffs and/or their attorney, pursuant to Rule 11, Fed.R.Civ.P. (Docket No. 137). Plaintiffs have again appealed the dismissal of their Second Amended Complaint to the United States Court of Appeals for the Eleventh Circuit. (Docket No. 140).

## DISCUSSION

■ A District Court retains jurisdiction to impose Rule 11 sanctions after timely filing of notice of appeal of the Court's final order.[1] Plaintiffs' Counsel argues against the imposition of sanctions by claiming that the law of standing is unsettled and in conflict, and he is "simply making his best effort to have the law of this Circuit clarified, modified and harmonized."

■ Plaintiffs have misrepresented precedent law in their memorandums on several occasions. First, in their Response to Defendants' Motion to Dismiss Second Amended Complaint (Docket No. 136), Plaintiffs state, based on *Northeastern Florida Chapter, AGC v. Jacksonville,* —— U.S. ——, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993): "All that a

---

1. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985) (timely filing of a notice of appeal from a final judgment does not divest the district court of jurisdiction over collateral matters not involved in the appeal); *Robinson v. Eng,* 148 F.R.D. 635, 637 (D.Neb.1993) (and cases cited therein); *Temple v. WISAP USA in Texas,* 152 F.R.D. 591, 617 (D.Neb.1993) (and cases cited therein); *Lightning Lube, Inc. v. Witco Corp.,* 144 F.R.D. 662, 666 (D.N.J.1992) (and cases cited therein); *Bergeson v. Dilworth,* 749 F.Supp. 1555 (D.Kan.1990) (and cases cited therein); *Ezell v. Lincoln Electric Co.,* 119 F.R.D. 645, 647 (S.D.Miss.1988) (and cases cited therein).

non-MBE plaintiff need allege is that it has suffered 'any injury to [its] ability to compete from the operation of the provision treating minority and non-minority contractors differently.' "

The above quotation comes from the panel of the Court of Appeals, Eleventh Circuit, on appeal from the first dismissal of Plaintiffs complaint for lack of standing. The referenced quote was directed to this Court, directing this Court to reconsider the amended complaint in light of *Northeastern Florida*, to determine whether or not Plaintiffs

> have in fact alleged any injury to their ability to compete stemming from the operation of the provision treating minority and non-minority contractors differently. In addressing this question, the district court should keep in mind the additional standing requirement that a party seeking to invoke a federal court's jurisdiction must demonstrate … "injury in fact," by which we mean an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.

*Cone Corp. v. Hillsborough County,* 5 F.3d 1397, 1399 (11th Cir.1993). Thus, Plaintiffs' Counsel was not given carte blanche by the Eleventh Circuit to allege "any injury" in order to have standing, and by so stating in his memorandum, he deliberately attempted to mislead this Court. Additionally, he left out that portion which follows his selective quote, which makes it abundantly clear that the Eleventh Circuit requires particularized injury.

■ In their Response to Defendants' Motion to Dismiss Second Amended Complaint, Plaintiffs next address their standing to seek damages. Counsel wrongly states that the County forces Plaintiffs to subcontract work that they would normally do themselves. This Court refers Plaintiffs to the opinion of the Eleventh Circuit on the first appeal in this case, in which the Court explicitly outlined Hillsborough County's MBE law. *The Cone Corp. v. Hillsborough County,* 908 F.2d 908 (11th Cir.1990). Additionally, the Court refers Plaintiffs to the order filed this date, granting Defendants' Motion for Award of Costs and Attorneys Fees. There is abso-

lutely no basis in fact for Plaintiffs to claim that the County forces them to subcontract; furthermore, Plaintiffs have not provided this Court with any jurisdictional basis for an award of compensatory damages. *See,* Seconded Amended Complaint for Declaratory and Injunctive Relief Against Racial and Sexual Discrimination and for Damages (Docket No. 129). Additionally, *Capeletti Brothers, Inc. v. Broward County,* 738 F.Supp. 1415, 1417 (S.D.Fla.1990), *aff'd, Capeletti Brothers, Inc. v. Broward County,* 931 F.2d 903 (11th Cir.1991), settled the economic damages issue in this Circuit. Plaintiffs must show that this harm is unique to them and different from other bidders; it would be an irrational businessman who did not factor such costs into his bid. *Capeletti,* 738 F.Supp. at 1417. Plaintiffs have failed to show harm unique to them, and in light of the standing precedent in this Circuit and in the United States Supreme Court, Plaintiffs' allegations have no basis in law or fact and thus were frivolous.

Defendants also raise two valid points in their memorandum in support of sanctions. First, Defendants point to the paragraph quoted by Plaintiffs' Counsel from *Coral Construction Co. v. King County,* 941 F.2d 910, 930 (9th Cir.1991). Preceding that quote, Plaintiffs stated that the case involved "a requirement that female-owned businesses had to meet only 50% of the subcontracting "goal" (just as in this case a Black-owned business need meet only 50% of the subcontracting goal)." *Coral Construction,* and specifically the portion from which the quote is taken, dealt with a provision that required an automatic 5% credit on any bid submitted by a female-owned business—it did not involve a subcontracting goal. Furthermore, in the quote itself, Counsel substituted the words [preferential treatment] for the actual words of the opinion, "fixed five-percent adjustment." That provision is distinct from the Hillsborough County MBE law in that the 5% credit put all other bidders at an automatic competitive disadvantage. The law at issue here is no more than a goal which is non-mandatory and can be waived by the Goal Setting Committee. Counsel *purposely* misrepresented the actual holding

and issue of *Coral Construction;* therefore, his assertions were not well-grounded in fact or law and he has violated Rule 11.

Defendants' point on Plaintiffs' damages argument is also well-taken. If Plaintiffs' Counsel did not believe he was required by law to show injury-in-fact, his remedy was to seek certiorari in the Supreme Court—it was not to file another Amended Complaint which blatantly disregarded the mandate from the Eleventh Circuit and this Court's subsequent Order on Remand. Plaintiffs forced Defendants to defend a pleading which was frivolous and groundless in light of this Court's specific order to show injury-in-fact.

## CONCLUSION

Rule 11 sanctions are plainly warranted in this action, and will be imposed against Plaintiffs' attorney in the amount of: 1) reasonable attorneys fees and costs incurred by Defendants for services performed with regard to the Motion for Rule 11 sanctions, and 2) reasonable attorneys fees and costs incurred by Defendants for services performed with regard to Plaintiffs' Proposed Second Amended Complaint. Sanctions imposed by this order relate to the *conduct* of Plaintiffs' Counsel in filing pleadings and memoranda which are not well-grounded in fact or law, which are frivolous and groundless in light of this Court's specific order to show injury-in-fact, and which intentionally misrepresent points of law to this Court.

Accordingly, it is

**ORDERED** that this Court's *sua sponte* Motion for Rule 11 sanctions against Plaintiffs' attorney be **granted.** Parties **shall have** ten (10) days from filing of this order to agree on reasonable fees and costs. In the event the parties cannot agree, Defendants **shall have** ten (10) days thereafter to file their claim for costs and fees, with supporting documentation. Plaintiffs **shall have** ten (10) days thereafter to respond.

**DONE** and **ORDERED.**

## ORDER ON DEFENDANTS' MOTION TO AWARD ATTORNEYS FEES AND COSTS

THIS CAUSE is before this Court on Defendants', Hillsborough County and Freder-ick B. Karl, Motion to Award Attorneys Fees and Costs pursuant to 42 U.S.C. § 1988. (Docket No. 142). Plaintiffs have filed a timely response. (Docket No. 146).

## FACTS AND PROCEDURAL HISTORY

This case originated in 1989, when Plaintiffs filed their complaint seeking declaratory and injunctive relief against racial and sexual discrimination resulting from the operation of Hillsborough County Resolution R88–0173, § 8.46 (Minority Business Enterprise ("MBE") law). (Docket No. 1). This Court granted Plaintiffs' motion for a preliminary injunction (Docket No. 32), and summary judgment (Docket No. 59), finding the law facially invalid in light of the United States Supreme Court's ruling in *City of Richmond v. J.A. Croson Co.,* 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989).

Defendants appealed to the United States Court of Appeals, Eleventh Circuit, which reversed this Court's summary judgment order and remanded for trial on the merits, finding sufficient differences between Hillsborough County's MBE law and the law at issue in *Croson. Cone Corporation v. Hillsborough County,* 908 F.2d 908 (11th Cir. 1990). After remand, Defendants filed their motion for summary judgment based on Plaintiffs' lack of standing (Docket No. 84), which this Court granted. (Docket No. 114).

On appeal to the Eleventh Circuit, a three-judge panel affirmed the summary judgment. *Cone Corporation v. Hillsborough County,* 983 F.2d 197 (11th Cir.1993). Plaintiffs then challenged the authority of the three-judge panel, and the Eleventh Circuit granted Plaintiffs' request for a rehearing *en banc. Cone Corporation v. Hillsborough County,* 993 F.2d 784 (11th Cir.1993). The Circuit Court's *en banc* opinion held that the three-judge panel was validly constituted, but it remanded the case to the three-judge panel in light of the United States Supreme Court's recent decision in *Northeastern Florida Chapter of the Associated General Contractors of America v. Jacksonville,* —— U.S. ——, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993).

On remand, the three-judge panel affirmed this Court's summary judgment based on Plaintiffs' lack of standing as to all but one provision of the MBE law. That provision provides that an MBE general contractor need only meet 50% of the MBE subcontracting goals. As to only that provision, the three-judge panel then remanded to this Court with specific instructions to determine if Plaintiffs had standing to bring a cause of action. *Cone Corporation v. Hillsborough County*, 5 F.3d 1397 (11th Cir.1993). This Court thereafter granted Plaintiffs' Motion for Leave to File an Amended Complaint, warning that if they again failed to allege injury in fact as to the one provision left to challenge, sanctions would be considered pursuant to Fed.R.Civ.Proc. Rule 11 ("Rule 11"). (Docket No. 128). Plaintiffs filed their Second Amended Complaint (Docket No. 129), but again failed to allege particularized injury that they suffered from the challenged provision. Subsequently, this Court granted Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint with Prejudice (Docket No. 138), and additionally ordered Plaintiffs and/or their attorney to show cause why Rule 11 sanctions should not be imposed. Both parties responded (Docket Nos. 141 and 145), and Defendants also filed this Motion for Award of Attorney Fees and Costs pursuant to 42 U.S.C. § 1988 (Docket No. 142). For the reasons set forth below, Defendants Motion is granted. A separate order filed this date imposes Rule 11 sanctions against Plaintiffs' attorney.

## SUMMARY OF THE MBE LAW

The following summary is taken from a detailed discussion of the MBE law in the opinion of the Eleventh Circuit, *Cone Corporation v. Hillsborough County*, 908 F.2d 908 (11th Cir.1990). For each County construction project, a goal setting committee ("GSC") sets the MBE participation goal. If there are three (3) or more eligible MBEs, the goal is set and may not exceed 50% MBE participation. After the goals for the entire project are set, the GSC reviews them again, and finally sets them. The project is then advertised, and a pre-bid conference is scheduled. During the conference, attendees may ask questions, voice concerns, and re-

ceive information on how the MBE program works. At any time prior to advertisement, the MBE goals may be waived if minority participation cannot be achieved without detriment to public health, safety or welfare— including the financial welfare of the County. MBE goals cannot be waived after advertisement.

The County then receives bids on the project, and the three (3) lowest are given to the MBE section manager. The lowest bidder is given five (5) days to submit executed minority business contracts. If the goals are met, the MBE section manager recommends award of the contract to the lowest bidder. If the MBE goals are not met, the contractor's good-faith efforts in attempting to procure MBE participation are reviewed for responsiveness. If the contractor is determined responsive, it may still be awarded the contract. If the contractor is determined to be non-responsive, it has time to protest the finding to the Capital Projects Department, which decides whether or not to change the responsiveness determination.

If there is no change in the responsiveness determination, but the next lowest bidder is either $100,000 or 15% higher, the MBE goal is waived and the lowest bidder is awarded the contract. If the next lowest bidder is neither $100,000 nor 15% higher, and there is no change in the responsiveness determination, the County Administrator makes the final decision.

The Eleventh Circuit specifically upheld the facial validity of the MBE law, and remanded this case to this Court for trial on the merits. *Cone Corporation v. Hillsborough County*, 908 F.2d 908 (11th Cir.1990). Defendants thereafter moved for summary judgment based on Plaintiffs' lack of standing.

## THE STANDING REQUIREMENT

■ There are three prongs that must be met in order for Plaintiffs to meet the standing requirement: 1) injury in fact, which means an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; 2) a causal relationship be-

tween the injury and the challenged conduct which is fairly traceable to the challenged action of the defendant; and 3) the likelihood of redress, or, "the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative." *Northeastern Florida Chapter of the AGC v. Jacksonville,* —— U.S. ——, ——, 113 S.Ct. 2297, 2302, 124 L.Ed.2d 586 (1993).

■ The key issue in this litigation has been whether Plaintiffs have alleged an injury in fact sufficient to meet the first prong of the standing requirement. There are two ways the injury in fact requirement can be met: 1) by establishing that the government has erected a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, which results in the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit, *Northeastern Florida,* —— U.S. at ——, 113 S.Ct. at 2303; or 2) by showing specific instances in the past where Defendants have injured Plaintiffs or others. Bald conclusions are insufficient. *Cone Corporation v. Florida Department of Transportation,* 921 F.2d 1190, 1205-06 (11th Cir. 1991).

■ Throughout the course of this extended litigation, Plaintiffs have consistently been unable to show specific instances where they have been injured by Defendants' action, either as it relates to the MBE law as a whole, or as it relates to the specific provision which allows MBE contractors to meet only 50% of the MBE subcontracting goal. They have not shown any contract they have lost or pointed to any contract which they are in imminent danger of losing due to the specific provision which is the subject of this continued litigation. Their allegations have been conclusory, conjectural and hypothetical statements about possible future injury. The three additional paragraphs added to Plaintiffs' Second Amended Complaint wrongly allege that Plaintiffs are precluded from bidding on a percentage of subcontracts. Plaintiffs' make this claim because, they say, their bids must be adjusted to compete with MBE subcontractors, and thus they are at a competitive disadvantage which precludes them from bidding. The bottom line of Plaintiffs' argument is that if they have to compete, they won't bid. Nothing in the MBE law *precludes* them from bidding. Competition in and of itself is not a disadvantage, but rather it is common in *any* competitive business environment. Competition resulting from the MBE law is not a barrier which precludes any company from bidding for any contract, especially where the goals are not mandatory and can be waived. Here, Plaintiffs' *attitude* about competing is their obstacle.

Plaintiffs rely heavily on the United States Supreme Court's decision in *Northeastern Florida* for the proposition that they are unable to compete on equal footing in the bidding process because of the provision in the MBE law which provides that an MBE general contractor need only meet 50% of the subcontracting goals. In order to make this claim, Plaintiffs must show that the provision is a barrier erected by the government which makes it more difficult for Plaintiffs to obtain a County contract than it is for MBE contractors. Plaintiffs have not sufficiently alleged that the particular provision at issue is a barrier which prevents them from competing on equal footing with MBEs. As discussed above, their complaints consist only of general assertions that they are unable to compete on equal footing because they have to adjust their bids to be competitive. Plaintiffs are not *precluded* from bidding on *any* County contract because of the imposition of the challenged provision. Thus, Plaintiffs cannot succeed in their contention that the injury in fact requirement is met simply from the imposition of this provision, rather than from any ultimate inability to obtain a given County contract. As discussed further below, the case law in existence at the time of Defendants' first Motion for Summary Judgment based on lack of standing clearly did not support Plaintiffs' continuation of this litigation.

Plaintiffs reliance on the above theory is misplaced for two reasons. First, *Northeastern Florida* and the cases cited therein deal with government programs or laws which *prevented* the plaintiffs in those cases from competing for certain benefits. *Northeast-*

*ern Florida* itself related to a provision calling for mandatory set-asides in an MBE law. *Turner v. Fouche,* 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970), involved a law that prevented the plaintiff from holding a position on the school board because he was not a property owner. In *Clements v. Fashing,* 457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982), some state officers were required by law to immediately resign their position on announcing their candidacy for another office—an effective obstacle to their candidacy. Finally, *Regents of University of California v. Bakke,* 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978), involved a mandatory set-aside which prevented Bakke from competing for all places in the entering medical school class. In the instant case, Plaintiffs face no such mandatory barrier or set-aside. Plaintiffs are not *prevented* from competing for *any* County contract.

Second, Plaintiffs obstinately refuse to acknowledge that Hillsborough County's project-by-project goal is not a mandatory provision which denies Plaintiffs equal treatment, or which prevents Plaintiffs from competing on equal footing for any County contract, even if MBE contractors are only required to meet 50% of the subcontracting goals for any given project. The MBE law, as outlined above, clearly provides relief for contractors who evidence a good faith effort to meet the goal, and the goal can be waived. Then, even if the contractor is deemed non-responsive for failure to evidence good faith efforts, that contractor may still be awarded the contract if the next lowest bid is either $100,000 or 15% higher. And, the affected general contractor has the ability to protest a "non-responsive" determination, and can still be awarded the contract by the County Administrator even if the next lowest bid is not more than $100,000 or 15% higher.

This Court did not find that Plaintiffs sufficiently alleged that the provision which allows an MBE general contractor to meet only 50% of the established goal is a barrier to Plaintiffs' ability to compete on equal footing. There are sufficient exceptions and procedural remedies in place which level the playing field and afford Plaintiffs equal treatment with MBEs. Plaintiffs knew or should have known from the precedent case law that they could not allege injury in fact sufficient to support the standing requirement. Because of the available exceptions to the project-by-project goals, any injury that Plaintiffs *might* suffer from the imposition of that provision cannot be fairly traceable to the challenged action of Hillsborough County until and unless Plaintiffs can show specific instances where they were injured by that specific provision. This, they have not been able to do and therefore the prospect of obtaining relief as a result of a favorable ruling is too speculative. Indeed, a favorable ruling for Plaintiffs would severely undermine the purpose and goal of the MBE law, and would substantially return the system to its previously discriminatory status.

### ATTORNEY FEES AND COSTS

■ It is Plaintiffs' consistent and obstinate refusal to acknowledge clear precedent, as discussed above, that forms the basis for awarding attorney fees and costs in this case.

■ An award of attorney fees and costs to a prevailing defendant is predicated on the Plaintiffs' action being frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 422, 98 S.Ct. 694, 700–701, 54 L.Ed.2d 648 (1978).

The Eleventh Circuit applies a three-prong test to determine whether a prevailing defendant is entitled to an award of attorney fees and costs: 1) whether Plaintiffs established a prima facie case; 2) whether Defendants offered to settle; and 3) whether the action was decided on dispositive motions rather than at trial on the merits. *Desisto College, Inc. v. Town of Howey-in-the-Hills,* 718 F.Supp. 906 (M.D.Fla.1989) citing *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985). All three prongs are met in this case. The painstaking analysis above provides the basis for this Court's decision on the first prong. The Court agrees with Defendants that Plaintiffs' initial action, brought in the aftermath of *City of Richmond v. J.A. Croson Co.,* 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989), was not frivolous, unreasonable, or groundless.

However, Plaintiffs' continuation of this litigation after losing the first appeal in the Eleventh Circuit, and after Defendants challenged their standing, was insupportable based on existing case law at the time. A review of that law should clearly have indicated to a reasonably competent attorney that the standing requirement could not be met in this case, even when considering the provision that allows an MBE general contractor to meet only 50% of the GSC's goals. *See* the Court's discussion in *Cone Corporation v. Hillsborough County,* 983 F.2d 197 (11th Cir.1993), and cases cited therein. The requirements for standing have been defined by the Supreme Court for years. Plaintiffs could not help but know that they could not establish a barrier in the MBE law that prevented them from competing for all County contracts on an equal footing in order to fall within the parameters of *Fouche,* decided in 1970, or *Clements,* decided in 1982, or *Bakke,* decided in 1978. Indeed, the Eleventh Circuit ultimately affirmed this Court's ruling that Plaintiffs lacked standing on all but possibly one provision of the MBE law. That provision was only remanded because the Supreme Court had recently decided *Northeastern Florida,* and the Eleventh Circuit appropriately chose to proceed with caution. In remanding for reconsideration, the Eleventh Circuit described the Second Amended Complaint as "something of a bare bones complaint which describes no injuries with particularity. Rather, it generally alleges injuries to the Plaintiffs' 'business and property' as the result of the general operation of the county's affirmative action program." *Cone Corporation,* 5 F.3d at 1399. Thus, being unable to find any allegations specifically related to the one provision in question, the Eleventh Circuit remanded to this Court for reconsideration, in light of *Northeastern Florida,* whether Plaintiffs "have in fact alleged any injury to their ability to compete stemming from the operation of the provision treating minority and non-minority contractors differently." *Cone Corporation,* 5 F.3d at 1399. The Eleventh Circuit specifically reminded this Court to "keep in mind the additional standing requirement that a party seeking to invoke a federal court's jurisdiction must demonstrate injury in fact." *Id.* at 1399. The Eleventh Circuit recognized, as did this Court, and as Plaintiffs' Counsel refused to do, that *Northeastern Florida* did not invoke any change in the law of standing set by prior precedent that could possibly affect Plaintiffs' case. Therefore, Plaintiffs failed to establish a prima facie case because they failed, at all times, to establish the requisite standing called for by readily available and understandable precedent. It was unreasonable, frivolous and groundless for Plaintiffs to continue this litigation after their standing was challenged by Defendants and this Court granted Defendants' Motion for Summary Judgment.

As to the second prong of the test, Defendants have provided an affidavit stating that they offered to settle with Plaintiffs by refraining from enforcing the MBE regulations in return for Plaintiffs not filing another amended complaint. In all respects, Plaintiffs had achieved what they claimed they wanted; Defendants capitulated. But Plaintiffs refused the offer to settle. This refusal can lead to only one conclusion—Plaintiffs continued to litigate this groundless complaint "on principle," because they do not want the County to attempt to overcome the effect of past discriminatory practices in the County's construction industry. Apparently, Plaintiffs wish to return the system to its prior discriminatory status, and in order to do so they were willing to continue litigation even after it became apparent that it was frivolous, unreasonable and groundless to do so.

The third prong of the test was met when this Court dismissed Plaintiffs' Second Amended Complaint with prejudice.

Finally, on September 8, 1994, Defendants filed an "Amended Motion for Attorneys Fees" (Docket No. 150), requesting an award of fees and costs from the inception of this lawsuit under the "private attorneys general" standard of *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). First, the submission of the Amended Motion violates the Rules of the United States District Court for the Middle District of Florida, Rule 3.01(b), and this Court would be well within its rights to

**542**

strike the Motion. However, even without a violation of the Local Rules, this Court would deny the Motion. As discussed above, Plaintiffs' had reasonable grounds to bring the lawsuit after the United States Supreme Court decision in *Croson.* Balancing the fact that Defendants were forced to act as "private attorneys general" against the Plaintiffs' right to challenge the law in the first instance, this Court believes Plaintiffs' right to bring the initial action outweighs Defendants' hardships in defending it. To hold otherwise would severely chill private actions by citizens seeking to preserve their constitutional freedoms.

### CONCLUSION

Defendants are entitled to reasonable attorney fees and costs, and this Court has jurisdiction to award them. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985) (timely filing of a notice of appeal from a final judgment does not divest the district court of jurisdiction over collateral matters not involved in the appeal).

Therefore, Defendants will be awarded reasonable attorneys fees and costs for services performed after this Court's grant of Defendants' Motion for Summary Judgment for lack of standing, including services performed on prior appeals in this case, up to services performed with regard to this Motion. Services performed on the Motion for Rule 11 sanctions, and services performed on the Second Amended Complaint in this Court are excluded however, in order to avoid duplicity. Those fees and costs are awarded in a separate order filed this date as sanctions against Plaintiffs' counsel pursuant to Rule 11. This Court will also consider a motion from Defendants for attorney fees and costs related to services performed in the most recent appeal of this case after disposition of the appeal by the Eleventh Circuit. *Johnson v. Mississippi,* 606 F.2d 635 (5th Cir.1979).

Accordingly, it is

**ORDERED** that Defendants' Motion for Award of Attorney Fees and Costs pursuant to 42 U.S.C.1988 (Docket No. 142) be **granted.** It is further **ordered** that Defendants'

Amended Motion for Award of Attorney Fees and Costs (Docket No. 153), as it regards services performed from inception of this lawsuit until Defendants' first Motion for Summary Judgment was granted, be **denied.** Parties have ten (10) days from date of filing this order to agree on reasonable costs and fees. In the event the parties are unable to agree, Defendants have ten (10) days thereafter to file its claim for fees and costs, with supporting documentation, with this Court. Plaintiffs will thereafter have ten (10) days to respond.

**DONE** and **ORDERED.**